IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40606
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIVINGSTON WASHINGTON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CR-95-2
- - - - - - - - - -
January 14, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Livingston Washington appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine. Washington contends that the Government did not present sufficient evidence to overcome his entrapment defense, that the district court clearly erred in denying him a reduction for acceptance of responsibility, and that the district court clearly erred in attributing 75.72 grams of cocaine base to him as relevant conduct.

We review the evidence presented to show that Washington was not entrapped "accept[ing] every fact in the light most favorable

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to jury's guilty verdict, and . . . reverse only if no rational jury could have found predisposition beyond a reasonable doubt." *United States v. Byrd*, 31 F.3d 1329, 1334-35 (5th Cir. 1994); *see United States v. Rodriguez*, 43 F.3d 117, 126 (5th Cir. 1995) (when entrapment instruction has been given, applicable standard of review is that which applies to sufficiency of the evidence). Because Washington's attorney did not renew the motion for judgment of acquittal at the close of all the evidence, we review to determine "whether the district court committed plain error or `whether there was a manifest miscarriage of justice.'" *United States v. Pierre*, 958 F.2d 1304, 1310 (5th Cir. 1992)(en banc). A manifest miscarriage of justice exists "only if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking." *Id.*

Viewing the evidence in the light most favorable to the jury's verdict, a rational jury could have found that Washington was predisposed to commit this offense. Washington has not shown error or a manifest miscarriage of justice. *See Pierre*, 958 F.2d at 1310.

We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995). The district court's determination whether a defendant is entitled to a reduction for acceptance of responsibility is a factual finding, which we will overturn "only if it is without foundation." *United States v. Brace*, 145 F.3d 247, 254 (5th Cir.) (citations omitted),

*cert. denied*, 119 S. Ct. 426 (1998). The district court's determination of the drugs involved for sentencing purposes is reviewed for clear error. *See United States v. Mergerson*, 4 F.3d 337, 345 (5th Cir. 1993). Clear error does not exist "as long as the determination is plausible in light of the record as a whole." *United States v. Ismoila*, 100 F.3d 380, 396 (5th Cir. 1996)(citation omitted), *cert. denied*, 117 S. Ct. 1712, 1858 (1997).

Washington's argument that he was entitled to a reduction for acceptance of responsibility because he admitted the offense conduct and proceeded to trial only to advance an entrapment defense has been foreclosed by our opinion in *United States v. Brace*, 145 F.3d at 254-55 (entrapment defense is a challenge to criminal intent; assertion of entrapment is a denial of factual guilt, a denial of subjective predisposition and of the required element of mens rea).

Although Washington was not convicted for possession with intent to distribute cocaine base, the district court could properly include the amount of cocaine base involved in the offense in Washington's relevant conduct. *See United States v. Carreon*, 11 F.3d 1225, 1241 (5th Cir. 1994) (district court may base sentence on conduct for which the defendant was acquitted because government need only establish sentencing facts by a preponderance of the evidence). The district court's findings regarding Washington's relevant conduct were supported by evidence presented at the trial. The district court could choose to discredit Washington's testimony and credit instead the other evidence presented at trial. *Cf.*

*United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998) (district court could choose to credit PSR's conclusion, based on a police report, over self-serving testimony at sentencing). Washington has not shown clear error on the part of the district court in determining his relevant conduct. *See Ismoila*, 100 F.3d at 396.

Washington's conviction and sentence are AFFIRMED.